IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES RUSSELL MARKWITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Civil Action No. 3:23-273 |
| ) | Judge Stephanie L. Haines |
| MICHAEL UNDERWOOD, ) | Magistrate Judge Maureen P. Kelly |
| ) | |
| Respondent. ) | |

## **MEMORANDUM ORDER**

Presently before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed pro se by James Russell Markwith ("Petitioner") [Doc. 1]. Petitioner, a federal prisoner currently incarcerated at FCI-Loretto, is alleging that he is being denied access to an electronic messaging service, in violation of his rights to due process and equal protection under the Fifth Amendment. This matter was referred to Magistrate Judge Maureen P. Kelly for proceedings in accordance with the Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

On June 5, 2024, Judge Kelly issued a Report and Recommendation ("R&R") [Doc. 2] recommending that Petitioner's § 2241 petition be dismissed under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts[1] because his asserted claims are not cognizable in a federal habeas action. Petitioner was advised that he had fourteen days to file

---

[1] Rule 4 of the Rules Governing § 2254 Cases provides: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Rule 1(b) of the Rules Governing § 2254 cases provides that a "district court may apply any or all of these rules to a habeas corpus petition not [filed under § 2254]," to include petitions filed under § 2241. *See, e.g., Watson v. Warden of Monroe Cnty. Corr. Facility*, No. 1:22-CV-01092, 2022 WL 4180951, at *1 (M.D. Pa. Aug. 22, 2022) (Rule 1(b) permits application of these rules to habeas corpus petitions pursuant to 28 U.S.C. § 2241).

1

written objections to the R&R. *See* 28 U.S.C. § 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. He has not filed any objections, and the time to do so has expired.

Upon review of the petition and the R&R under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, this Court will accept in whole the findings and recommendations of Judge Kelly in this matter.

As Judge Kelly observed, the purpose of a petition for writ of habeas corpus is to allow a person in custody to challenge either the fact or duration of his or her confinement, *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002), and § 2241 typically "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012). Here, however, Petitioner is not challenging the fact or duration of his imprisonment, nor the execution of his sentence, but instead essentially is seeking an injunction giving him access to an electronic messaging service, a claim that is not cognizable under § 2241. *See Banks v. Biden*, No. 1:21-CV-535, 2021 WL 1264285, at *2 (M.D. Pa. Apr. 6, 2021), *aff'd sub nom. Banks v. Pres. U.S.*, 858 F. App'x 490 (3d Cir. 2021) (complaints of denial of access to law library, email, and telephone privileges by federal inmate not cognizable in a habeas petition under § 2241).

This Court agrees entirely with Judge Kelly's thorough analysis, and will accept in whole her findings and recommendations. As the relief sought by Petitioner is not cognizable in a federal habeas action under § 2241, he plainly is not entitled to relief, and summary dismissal under Rule 4 is warranted.

Accordingly, the following order is entered:

## ORDER

AND NOW, this 31st day of July, 2024, for the reasons set forth in Magistrate Judge Kelly's Report and Recommendation [Doc. 2], which is accepted in whole and adopted as the opinion of the Court as supplemented herein, IT IS ORDERED that Petitioner James Russell Markwith's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. 1] hereby is **dismissed**. The Clerk of Court shall mark this matter closed.

Stephanie L. Haines
United States District Judge